IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANNETTE PERSOHN AND | § | |
| WILLIAM PERSOHN | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-2705 |
| | § | |
| INTEGON NATIONAL INSURANCE | § | JURY DEMAND |
| COMPANY | § | |
| Defendant | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COMES NOW Plaintiffs Annette Persohn and William Persohn and file this Original Complaint against Defendant Integon National Insurance Company and show the Court as follows:

### A. PARTIES AND SERVICE

1.      Plaintiffs Annette Persohn and William Persohn are individuals residing in Harris County, Texas.

2.      Defendant Integon National Insurance Company is a private insurance company incorporated under the laws of the State of North Carolina, doing business in Texas, with its principal place of business located at 500 West 5th Street, Winston-Salem NC 27101-2728, and may be served with summons through its agent for service Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701 -3218.

### B. JURISDICTION & VENUE

3.      This action arises under the flood insurance policy that Defendant Integon National Insurance Company procured for and issued to Plaintiffs. The Policy covered losses to Plaintiffs' Property located in this judicial district. This Court has jurisdiction pursuant 42 U.S.C. § 1331

because a diversity of citizenship exists between the Plaintiffs, citizens of the State of Texas, and Defendant. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because it is where the Plaintiffs' Property is located and where a substantial part of the events at issue took place

## C. FACTUAL BACKGROUND

5.      Plaintiffs purchased a Flood Insurance Policy ("Policy") number 000027016 from Defendant to insure 103 Marrakech Court, Bellaire, Texas 77401 (the "Property") and the contents therein against physical damage by or from flood.

6.      The Policy was in full force and effect on the date of Hurricane Harvey and Plaintiff paid all premiums when due.

7.      On or about August 28, 2017, the Property sustained significant flood damage as a result of Hurricane Harvey. Upon information and belief, the flood water inundated exterior and interior of the Property, the floor and subfloor of the Property, damaged the baseboards, damaged the walls, and caused extensive damage throughout the Property.

8.      Plaintiffs incurred and will incur significant expenses to repair and replace the flood-damaged structure.

9.      Once Plaintiffs discovered that the Property was damaged by flood waters, Plaintiffs made an immediate claim to Defendant to report the damage. Plaintiff was given the claim number 164861.

10.     Defendant sent a third-party adjuster, Steven Frane of Exact Adjustments, out to Plaintiffs' Property. The inspection was short in duration. On information and belief, the adjuster

did not use a protimeter or other moisture meter to accurately record the water inundation or an accurate waterline. On information and belief, the adjuster took an insufficient number of photographs to record the full scope of the damage.

11. Defendant's adjuster returned a damage estimate in the amount of $89,325.62. This was insufficient in scope and price to cover the full and adequate cost of covered repairs. Many individual items were omitted or underpaid, and discrepancies on pricing of labor and materials still exist.

12. Due to the insufficient evaluation of covered damages, Plaintiffs were forced to retain an expert to document the covered damages sustained to the Property as a sole result of the flood. Plaintiffs' expert report thoroughly examines the damage to the Property and found that the amount necessary to repair the Property is $189,291.00 plus $55,758.37 in tear out and mitigation damages.

13. Plaintiffs cooperated fully with the claim investigation and properly submitted all documents required.

14. Plaintiffs contacted Defendant's adjuster and requested he revise the estimate prepared for Defendant based on missing and underpaid items. After a period of time, Defendant's adjuster stopped communication with Plaintiffs.

15. On March 2, 2018, Plaintiffs requested additional payment on the claim by completing a Proof of Loss and submitting it to the Defendant, along with a copy of Plaintiffs' supporting documentation, within one year from the date of filing the initial claim.

16. Defendant unfairly and improperly persisted in denying Plaintiffs' claim.

## D. CAUSE OF ACTIONS

### A. **Breach of Contract**

17.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

18.     Plaintiffs and Defendant entered into a contract when Plaintiffs purchased and Defendant issued the Policy. The Policy, at all times relevant and material to this case, provided insurance coverage to Plaintiffs for, among other things, physical damage to the Property caused by flood.

19.     Plaintiffs duly performed and fully complied with all the conditions of the Policy and conditions precedent to filing this Complaint, including appropriate and adequate demands, or Defendants waived or excused such conditions precedent. Plaintiffs' Complaint is ripe and timely filed.

20.     Defendant unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on the Plaintiffs' claims.

21.     Defendant failed to perform and materially breached the insurance contract when it wrongly failed to pay Plaintiffs for damages the flood caused to the property that the Policy covered.

22.     Defendant breached the insurance contract with Plaintiffs by, among other things:

   a.     Failing to fairly and timely adjust and pay on the flood claim at issue;

   b.     Failing to properly train and supervise its adjusters, claims examiners, representatives and agents;

   c.     Failing to honor Plaintiffs' satisfactory proof of loss;

   d.     Failing to provide its adjusters, claims examiners, representatives and agents with proper and uniform materials with which to evaluate claims;

e.     Failing to take into account the shortage of labor and contractors following Hurricane Harvey;

f.     Failing to take into account for the increase in labor, materials, costs, and time in evaluating Plaintiffs' claim; and

g.     Failing to inform the Plaintiffs of flood policy limitations and exclusions.

23.    Defendant also breached the contract by failing to perform other obligations it owed under the Policy.

24.    As the direct and proximate result of Defendant's breach, Plaintiffs have suffered actual damages in excess of Policy limits.

25.    By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiffs for the covered losses, Defendant is liable to and owes Plaintiffs for the actual and consequential damages sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with all other damages Plaintiffs may prove as allowed by law.

B. **Texas Prompt Payment of Claims Statute**

26.    Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

27.    Defendant's failure to pay for covered losses and failure to comply with the statutory deadlines for accepting or denying coverage is a violation of Section 542.051 et seq. of the Texas Insurance Code.

28.     By virtue of its statutory violation, Defendant is liable to and owes Plaintiffs interest and attorneys' fees in addition to Plaintiffs' claim for damages, as set forth in Section 542.060 of the Texas Insurance Code.

C. **Violations of the Texas Insurance Code**

29.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

30.     Defendant is prohibited by Chapter 541 of the Texas Insurance Code from engaging in unfair or deceptive acts or practices.

31.     Defendant engaged in unfair or deceptive acts or practices prohibited in Chapter 541 of the Texas Insurance Code by:

      a.      misrepresenting policy terms and/or benefits;

      b.      misrepresenting a material fact or policy provision relating to the coverage at issue;

      c.      failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim with respect to which Defendant's liability has become reasonably clear; and

      d.      refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

32.     Defendant engaged in unfair or deceptive acts or practices prohibited in Chapter 541.061 of the Texas Insurance Code by:

      a.      making an untrue statement of material fact;

      b.      failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

      c.      making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

      d.      making a material misstatement of law; and

      e.      failing to disclose a matter required by law to be disclosed.

33.     Defendant committed the foregoing violations of the Texas Insurance Code knowingly. As a result, the Plaintiffs suffered actual damages in excess of the Policy limits and

are entitled to exemplary and/or treble damages as allowed by Texas Insurance Code Section 541.152.

D. **Breach of the Duty of Good Faith and Fair Dealing**

34.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

35.     Defendant owes the Plaintiffs a duty of good faith and fair dealing.

36.     Defendant breached its duty of good faith and fair dealing by committing all of the acts described above that were also violations of the Texas Insurance Code.

37.     As a proximate result of Defendant's breach, the Plaintiffs suffered actual damages in excess of the Policy limits and is entitled to exemplary damages as Defendant acted with malice by purposely delaying and denying payment with no or inadequate reason to do so, knowing that the Plaintiffs needed the money to repair their home.

E. **Attorney Fees**

38.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

39.     Plaintiffs engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses.

40.     Pursuant to Texas Civil Practice and Remedies Code § 38.001-38.003 and Texas Insurance Code 541.152 and 542.060, Plaintiffs seeks and are entitled to recover reasonable attorney fees.

## E. JURY DEMAND

41.     Plaintiffs demand a jury trial.

## F. PRAYER

42.     Plaintiffs ask that the Court issue citation for Defendant to appear and answer, and that Plaintiffs be awarded a judgment against Defendant for the following:

a.      $155,723.38 in actual damages;

b.      Treble and exemplary damages;

d.      Prejudgment and postjudgment interest;

e.      Court costs;

f.      Attorneys' fees; and

g.      All other relief to which Plaintiffs are entitled.

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES, LLP**

By: _/s/ Daniel Dutko_
        Daniel R. Dutko
        State Bar No. 24054206
        Federal I.D. No. 753525
        ATTORNEY-IN-CHARGE

5 Houston Center
1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800
Email: ddutko@rustyhardin.com
**ATTORNEYS FOR PLAINTIFF**